EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MANUEL VALENTÍN, acusado y apelante.

No. 2613.—*Visto:* Diciembre 11, 1925. *Resuelto:* Marzo 3, 1926.

1. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENQUE NO ESTÁN EN RÉCORD—CUESTIONES A REVISAR—CONSTANCIAS QUE NO APARECEN DEL PLIEGO DE EXCEPCIONES O EXPOSICIÓN DEL CASO.—Cuando del pliego de excepciones y exposición del caso no consta si se presentó o nó prueba de los hechos expuestos en una moción de sobreseimiento, falta base para resolver en apelación si la corte inferior cometió o nó error al declarar sin lugar dicha moción.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CUESTIONES A REVISAR.—No procede dar valor alguno—al resolver la negativa del tribunal inferior a sobreseer una causa—a certificación del secretario de constancias de diligencias habidas en dicho tribunal en otro procedimiento, que el juez no certifica fueron presentadas en la causa como prueba de los hechos alegados en la moción de sobreseimiento.

3. "INDICTMENT" Y ACUSACIÓN—ENMIENDAS—"INDICTMENT" DEL GRAN JURADO —RELACIÓN DE HERIDAS HECHA POR EL FISCAL COMO CONSTITUTIVA DE ENMIENDA—SOLICITUD DE MAYOR ESPECIFICACIÓN HECHA POR EL ACUSADO.—La relación de unas heridas hecha por un fiscal a virtud de solicitud del acusado sobre mayor especificación (*bill of particulars*) de las mismas, no constituye enmienda alguna a la acusación del Gran Jurado.

4. DERECHO PENAL—FECHA DEL JUICIO Y SUSPENSIÓN (*Continuance*)—MOTIVOS QUE PUEDEN DAR LUGAR A LA SUSPENSIÓN—AUSENCIA DEL ABOGADO EL DÍA DEL JUICIO—ABOGADO QUE, SIENDO LEGISLADOR, TIENE QUE ASISTIR A LAS

SESIONES LEGISLATIVAS.—No dando derecho a la suspensión del juicio el hecho de que el abogado del acusado, como legislador tenga que asistir a las sesiones de la Cámara, puede un tribunal negarse a suspender un juicio por tal fundamento.

5. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—ERRORES NO PERJUDICIALES—NO ADMISIÓN DE PRUEBAS—CUESTIONES QUE HAN SIDO PROBADAS POR OTRA EVIDENCIA.—El no permitir que se presente la hoja histórico-penal de una persona a los efectos de impugnar su veracidad, no es error cuando aparte de que la sentencia condenatoria es la mejor prueba de que fué condenado por delito grave, copia certificada de la sentencia fué presentada como prueba de ese particular.

6. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES PRESENTADAS PARA REVISIÓN—PRESENTACIÓN INSUFICIENTE DE LAS MISMAS. —La sola manifestación de la defensa en los autos respecto a un incidente habido durante el juicio—arresto de un testigo de la defensa ante el jurado por supuesto perjurio—no puede servir de base a una decisión en apelación.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*García Méndez & García Méndez,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El primer motivo alegado por el apelante para que revoquemos la sentencia que le ha sido impuesta por delito de homicidio voluntario se funda en que la corte inferior cometió error al declarar sin lugar su moción de sobreseimiento de diciembre 5, 1925.

[1, 2] No existe en la transcripción de la apelación petición ni resolución de dicha fecha, en la que ya estaban los autos en este tribunal, pero nos parece que el apelante ha querido referirse al 9 de marzo de 1925. En esta fecha el acusado solicitó de la corte inferior que sobreseyera la acusación que motiva el recurso alegando que en noviembre de 1924 el Gran Jurado le formuló acusación por delito de homicidio voluntario la que fué sobreseída en diciembre de 1924, siendo después arrestado nuevamente para responder del mismo delito, y que en virtud de aquel sobreseimiento el fiscal no podía presentar el mismo cargo al Gran Jurado sin permiso especial de la corte, que no fué obtenido, y que la nueva acusación ha sido presentada después de transcu-

rridos 15 días desde el sobreseimiento de la anterior y del nuevo arresto y prestación de fianza para estar en libertad, motivos por los cuales solicitó que previa aportación de prueba fuese sobreseída la acusación. Esa moción fué negada por la corte el 18 de marzo. de 1925 y como no consta del pliego de exposición del caso y de excepciones aprobado por el juez de la corte inferior para servir en esta apelación si se presentó o nó prueba de los hechos expuestos en la expresada moción, nos falta base para considerar el primer error que se alega; y aun cuando el apelante nos ha presentado una certificación del secretario de la corte inferior de algunas constancias de las diligencias a que dió lugar la otra acusación contra el apelante, no podemos darle valor para esta apelación porque el juez de la corte inferior no certifica que fueron presentados en esta causa como prueba de los hechos alegados en la moción de sobreseimiento.

[3] El segundo motivo de error es porque la corte inferior admitió enmiendas del fiscal a la acusación del Gran Jurado.

Esa acusación dice que el acusado acometió y agredió a Venancio Gayá con un revólver con el cual le produjo varias heridas que le causaron la muerte momentos después, y habiendo solicitado el acusado que fueran especificadas esas heridas y su naturaleza, el fiscal hizo la especificación requerida.

No hay necesidad de resolver si el fiscal tiene poder para enmendar la acusación del Gran Jurado pues la relación de las heridas hecha por el fiscal no constituye enmienda a la acusación del Gran Jurado, que quedó en pie en su totalidad, por lo que no existe el error alegado.

[4] También se aduce como errónea la negativa de la corte a suspender el juicio a petición del acusado.

La petición de suspensión del juicio la fundó el acusado en que su abogado como Representante en la Cámara de Delegados tenía que asistir a las sesiones de ella, pero tal

hecho no da derecho a·la suspensión del juicio según hemos resuelto antes de ahora.   *Claudio* v. *Ortiz,* 29 D.P.R. 435.

[5] No es tampoco error el no haber permitido la corte inferior que el alcaide de la cárcel llevara al tribunal la hoja histórico-penal de Pedro Quiñones Hernández con el fin de impugnar su veracidad como testigo por haber sido condenado antes por delito grave, porque aparte de que la sentencia contra él dictada es mejor prueba que la nota que de ella pueda haber en dicha hoja histórico-penal, de todos modos, no resultó perjuicio alguno para el acusado por esa negativa porque la expresada sentencia certificada por el secretario de la corte de distrito fué presentada por él como prueba de ese particular.

[6] Por último, se alega como error que el fiscal arrestase a un testigo de la defensa en presencia del jurado ·por un supuesto delito de perjurio porque tal conducta sembró la desconfianza en el jurado.

Con respecto a este extremo lo único que consta en los autos es lo siguiente: ''La defensa hizo constar que el fiscal, después de haber declarado el testigo Jordán Morales, y sin que haya apariencia de haber cometido delito alguno, en presencia del jurado ordenó el arresto del referido· Jordán Morales· y sin que anunciara que iba a impugnar su veracidad en forma alguna.''   La sola manifestación de la defensa que hemos transcrito no es suficiente para dar por cierto que las cosas ocurrieron de la manera dicha y para servir de base más o menos hipotética a una decisión.

*La sentencia apelada debe ser confirmada.*